UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN FORTUNE,

                          Plaintiff,

                                                      **FIRST AMENDED COMPLAINT**

           -against-                           Jury Trial

                                                      15 CV 7088 (GBD)

THE CITY OF NEW YORK, ANDY LEWIS,
FERNANDO BONILLA, WILLIE ARTILES,

                          Defendants.

------------------------------------------------------------------X

        Plaintiff KEVIN FORTUNE by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367. Plaintiff has complied with conditions precedent to file suit on his state law claims.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of New York, City and State of New York.

7.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      The Individual Defendants are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9.      On October 8, 2013, around 3:00 p.m., plaintiff was walking with his friend on 110th street and 7th avenue to Frieda's restaurant about a few blocks away.

10.     Individual Defendants (wearing civilian clothes), came up behind plaintiff and his friend and grabbed his friend.

11. Plaintiff thought that he was being mugged so he started to back away from John Doe 1 and 2.

12. After grabbing plaintiff's friend, one of the individual defendants grabbed plaintiff and then identified themselves as police officers.

13. Plaintiff did not have any illegal substance on him nor had he committed a crime.

14. Notwithstanding the foregoing, plaintiff was placed under arrest and transported to the 24th precinct.

15. At the precinct, plaintiff was illegally subjected to strip-search, which included anal cavity search.

16. Plaintiff had just gone through a surgery for brain-tumor 3 weeks prior to this and is currently on chemo-therapy.

17. Even though defendants did not find any drugs on plaintiff, they booked him and took all his money ($2000) from his pocket.

18. Defendants only returned $800 and told plaintiff that they were going to buy chicken wings with the rest of the money because no one would believe that plaintiff had so much money with him.

19. On October 10, 2013, plaintiff was brought before a judge for his arraignment.

20. Plaintiff informed his legal aid lawyer that defendants had stolen his money.

21. On October 10, 2013 around 1 a.m., plaintiff was released on his recognizance.

22. Plaintiff refused to plead guilty and continued to go to court every month. Each time the individual defendants refused or failed to show up.

23. Finally, on April 2, 2014, the DA moved to dismiss all charges against plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful search and seizure/false arrest/excessive force-Fourth Amendment)

24. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

25. Plaintiff was stopped, frisked and arrested for no reason.

26. Plaintiff suffered injuries when he was yanked, thrown against the pavement and injured his wrists when defendants tightened the handcuffs placed on plaintiff.

27. Plaintiff was strip-searched without any just cause.

28. Plaintiff spent over 35 hours in jail.

29. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, unlawful search and seizure were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

30. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. Defendants fabricated probable cause and detained plaintiff.

32. Defendants then arrested plaintiff and had him transported to the 24th precinct and strip-searched him.

33. The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

34. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime and maintain quotas. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein. The defendant City's lack of training for defendants and having a de

facto policy to arrest individuals for without probable cause in violation of plaintiff's civil rights.

38. This de facto policy has been subject to numerous lawsuits, entry of individual judgments against the City and a judgment against the City on behalf of class plaintiffs in the SDNY.

39. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

40. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

42. Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants targeted Plaintiff and falsely accused him of crimes and arrested and strip-searched him because of his race, ethnicity and color.

44. Defendants intentionally discriminated against plaintiff and in so doing denied that the full and equal benefits and equal protection under the laws.

45. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process/Malicious Prosecution)

46. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

47. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

48. Defendants initiated false and baseless proceedings against plaintiff.

49. Defendants knew that if they forwarded the false information to the DA's office, plaintiff would be prosecuted.

50. Yet defendants never retracted their false paperwork and continued the prosecution based on malice.

51. The proceedings were terminated in plaintiff's favor.

52. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

55. As a result, plaintiffs suffered injuries.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

56. Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

58. Plaintiff repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. As a result of the foregoing, Plaintiff was subjected to malicious abuse of

process by the defendants which led to him to being dragged, detained, strip-searched and arrested simply for the defendants to generate arrests, meet quotas and gain financially through overtime for this preposterous scheme, appease NYPD brass and in so doing caused plaintiff harm without any excuse or justification.

60.     As a result of these actions, Plaintiffs suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       January 14, 2016

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
    Robert Blossner, Esq. (RB0526)
    Vik Pawar, Esq. (VP9101)
    Attorneys for Plaintiff